The document below is hereby signed.

Signed: August 21, 2014



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GARY STANCIL, | ) | Case No. 11-00747 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MARC E. ALBERT, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 14-10004 |
| RUFUS STANCIL, *et al.*, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

**MEMORANDUM DECISION AND ORDER DENYING MOTION TO EXTEND**
**TIME TO OPPOSE THE PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT**

Two of the defendants, Rufus Stancil and Albert Stancil, have filed a motion to extend the time to oppose the plaintiff's two motions for summary judgment. I will deny the requested extension for the following reasons.

I

The bankruptcy case of Gary Stancil within which this adversary proceeding is pursued was commenced on October 6, 2011, almost three years ago, without any distributions being made to

unsecured creditors.[1]  Under 11 U.S.C. § 541, the debtor's interests in two real properties became property of the estate:

- One property is located at **220 Hamilton Street, NW**, Washington, D.C., and two of the defendants in this adversary proceeding, Albert Stancil and Rufus Stancil,[2] have co-ownership interests of record in that property.

- The second property is located at **1405 New Jersey Avenue, NW**, Washington, D.C.  The third defendant, Mary Stancil,[3] is a co-owner of that property.

Those properties are the subject of this adversary proceeding.

The adversary proceeding has been pending since January 31, 2014.  In his complaint, the plaintiff, Marc E. Albert, as trustee of the bankruptcy estate in the chapter 7 case, seeks judgments under 11 U.S.C. § 363(h) authorizing him to sell both the estate's and the co-owners' interests in the Hamilton Street

---

[1] Gary Stancil commenced the case as a voluntary case under chapter 11 of the Bankruptcy Code (11 U.S.C.).  It was converted to chapter 7 on November 13, 2013.

[2] Albert Stancil is Gary Stancil's brother.  Rufus Stancil is Gary Stancil's father.  Rufus Stancil is serving as the executor of the decedent's estate of Delores Stancil (Gary Stancil's mother).  Delores Stancil died sometime prior to August 28, 2013, the date on which Rufus Stancil executed a settlement agreement as executor of her estate in another adversary proceeding.  *See* Adversary Proceeding No. 12-10006, Docket Number 162, Exhibit 1.

[3] Mary Stancil (née Beale) is Gary Stancil's ex-wife.

property and the New Jersey Avenue property.

On July 15, 2014, the plaintiff filed two motions for summary judgment in this adversary proceeding, one with respect to the Hamilton Street property and the other with respect to the New Jersey Avenue property.

August 1, 2014, was the deadline for opposing the motions for summary judgment. No timely opposition was filed.

Mary Stancil has not sought an extension of time to oppose the motion concerning the New Jersey Avenue property as to which she is the only co-owner. However, on August 7, 2014, Rufus Stancil and Albert Stancil (joined by the debtor, Gary Stancil, who is not a party) filed a motion to extend the time to oppose both of the plaintiff's motions for summary judgment. Their motion seeks an extension until September 15, 2014, to file oppositions to the motions for summary judgment, 62 days after the filing of those motions. On August 8, 2014, the plaintiff filed an opposition to the defendants' motion.

II

Rufus Stancil and Albert Stancil do not have an ownership interest in the New Jersey Avenue property. Accordingly, they have no standing to contest the motion for summary judgment regarding that property. Accordingly, it would not be appropriate to grant an extension of time for them to oppose the motion for summary judgment regarding that property. That leaves

the question of whether an extension of time should be granted to Rufus Stancil and Albert Stancil to oppose the motion for summary judgment regarding the Hamilton Street property.

### III

The defendants' motion for an extension of time was filed six days after the deadline for opposing the motion for summary judgment regarding the Hamilton Street property had expired. Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure provides that "on motion made after the expiration of the specified period [the court may] permit the act to be done where the failure to act was the result of excusable neglect." The defendants' motion does not demonstrate that the failure timely to oppose the motion for summary judgment was the result of excusable neglect.

### A.

In their motion, the defendants state:

> [C]ounsel for the defendants seek to assert objections to the two motions of the trustee for summary judgment and a continuance to allow defendants to prepare and [sic] appropriate response to the motion and time to consider whether or not this matter should be submitted to mediation. It is believed by counsel for the defendants that the Estate of Dolores [sic] Stancil and its administration could affect [sic] sufficient proceeds to discharge the debts of Gary Stancil and end the necessity for the maintenance of this chapter 7 proceeding.

The motion sets forth no reason for the defendants' delay.

The defendants appear to think that they and Gary Stancil may obtain sufficient funds from the estate of Delores Stancil

(of which Rufus Stancil is the executor) with which they could pay the claims owed to creditors in Gary Stancil's bankruptcy case.  The prospect of their receiving funds from the estate of Delores Stancil does not justify the defendants' delay in opposing the motion for summary judgment.  Any argument that the estate of Delores Stancil will generate sufficient proceeds that could be used to pay the debts of Gary Stancil could have been raised in a timely opposition to the motion for summary judgment.  Nor has there been any showing of why the defendants need an extension until September 15, 2014 (a month and a half after the original deadline of August 1, 2014), to file an opposition to the motion for summary judgment.  Moreover, the motion for an extension of time does not aver that the estate of Delores Stancil *will* generate sufficient proceeds to pay the debts of Gary Stancil.  Instead, it only contends that the estate of Delores Stancil *could* generate sufficient proceeds to pay the debtor's debts.  The motion sets forth no concrete details regarding the likelihood of that occurring, and when it would

occur.[4]  The plaintiff has legitimate concerns that the defendants will not receive funds from the estate of Delores Stancil within a reasonable period of time, and that those funds would not suffice to pay the claims of creditors.[5]  Delaying liquidating the bankruptcy estate based on the uncertain prospect that creditors will be paid from a source other than the bankruptcy estate would be inconsistent with the requirement of the Bankruptcy Code that estates be administered as expeditiously as possible.  *See* 11 U.S.C. § 704(a)(1) (providing that a trustee shall "collect and reduce to money the property of the estate for

---

[4]  In his opposition the plaintiff noted:

> Defendants have not provided any evidence to support their assertion that the probate estate of Delores Stancil will generate sufficient funds to satisfy Gary Stancil's creditors.  The Trustee has repeatedly requested from counsel for Defendants copies of contracts for sale of property in the Delores Stancil estate, but has not been provided with any.

The defendants filed no reply to contest the plaintiff's representations.  Although the defendants were not required to file a reply, the plaintiff's representations reinforce what is plain in the motion for an extension of time itself: the defendants are unable to set forth facts establishing that the probate estate of Delores Stancil will generate sufficient funds within a reasonable period of time to satisfy the claims owed to creditors in Gary Stancil's bankruptcy case.

[5]  In Adversary Proceeding No. 12-10006, the estate of Dolores Stancil was represented by the debtor and Rufus Stancil to be the source from which a settlement amount of $250,000 would be paid to certain defendants by January 31, 2014.  The payment never occurred.  Delores Stancil died sometime prior to August 28, 2013 (see n.2, *supra*) and the passage of time since then does not suggest that the estate of Delores Stancil is being liquidated in an expeditious fashion.

6

which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest").

Notably, the plaintiff trustee has not yet filed in the bankruptcy case a motion, on notice to creditors, to sell the Hamilton Street property.  He has not yet even filed an application to employ a real estate broker to market the property for sale.  If distributions are made from the estate of Delores Stancil that the defendants and Gary Stancil in turn proceeded to use to fully pay creditors' claims in the bankruptcy case, the plaintiff would not go forward with seeking to sell the Hamilton Street property.  At this juncture, however, he only seeks a judgment adjudicating that he can sell both the estate's and the defendants' interests in the Hamilton Street property so long as claims remain to be paid in the bankruptcy case.

Gary Stancil's bankruptcy case has been pending for almost three years with creditors holding unsecured claims in the case having received no distribution.  The failure timely to file an opposition to the motion for summary judgment is symptomatic of the delay in which the defendants have engaged.  (The defendants' answer to the complaint was filed 13 days late.)  Further delay in adjudicating whether the trustee should be authorized under § 363(h) to sell both the estate's and the co-owners' interests in the Hamilton Street property would delay not only this

7

adversary proceeding but also the trustee's attempt to liquidate estate assets from which he could make a distribution to creditors, thus delaying the filing of a final report in the bankruptcy case regarding distributions to creditors.  That delay would prejudice creditors.

B.

In accordance with *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), in addressing the motion for an extension of time I consider all of the circumstances, including "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*,  389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer*, 507 U.S. at 395).

For reasons already explained, the extension sought would delay the disposition of this adversary proceeding and ultimately delay the disposition of the bankruptcy case itself, contrary to the policy of expedition embodied in 11 U.S.C. § 704(a)(1), thereby prejudicing creditors.  The length of delay sought, a month and a half after the original deadline, is unreasonable given the straightforward nature of the issues raised by the motion for summary judgment regarding the Hamilton Street

8

property.  Significantly, the defendants have offered **no reason** for the delay.  Nor have they made any contention that, due to circumstances beyond their reasonable control, they could not have filed a timely opposition to the motion for summary judgment.

The defendants' request to have until 62 days after the filing of the motion for summary judgment to file an opposition (an unreasonable period of time) and their failure to give any reason for their failure timely to oppose the motion for summary judgment suggest that they are attempting to delay the proceeding and are not acting in good faith.  Even if the defendants have acted in good faith, consideration of the entire circumstances dictates the conclusion that they have not demonstrated excusable neglect.

IV

In accordance with the foregoing, it is

ORDERED that the *Motion for Extension of Time and Notice of Objection to the Trustees* [sic] *Motions for Summary Judgment as to Rufus Stancil, Gary Stancil and Albert Stancil re: Real Property Located at 220 Hamilton St. and Real Property Located at 1405 New Jersey Ave. Northwest Washington DC* [sic] (Dkt. No. 30) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record.